UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDA M. JOHNSON, | CASE NO. C21-5242 MJP |
| Plaintiff, | ORDER AFFIRMING ORDER DENYING MOTION TO RECUSE |
| v. | |
| UNITED STATES, *et al.*, | |
| Defendants. | |

This matter is before the Court for review of United States District Court Judge Marsha J. Pechman's order denying Plaintiff's request that she voluntarily recuse herself from this case. Dkt. #15; LOCAL RULES W.D. WASH. LCR 3(f) (order denying voluntary judicial recusal referred to the Chief Judge for review). Having reviewed the matter, the Undersigned affirms Judge Pechman's order.

Plaintiff frequently proceeds pro se before this Court, having filed nearly 20 complaints over the last ten years. In this action, Plaintiff alleges an "event of discrimination" against her but fails to clearly provide details of the event. Dkt. #1-1. Judge Pechman, noting that "[t]he complaint does not set forth a plain statement of the factual allegations, the basis for the Court's jurisdiction, or the reasons Plaintiff is entitled to relief," found the complaint defective and granted Plaintiff leave to file an amended complaint. Dkt. #7. Plaintiff filed an amended

ORDER – 1

complaint and subsequently filed a motion requesting that Judge Pechman recuse herself from this matter. Dkt. #14.

The basis for Plaintiff's motion is unclear but appears to be that Judge Pechman has presided over at least one of Plaintiff's earlier actions and that Judge Pechman has served as an attorney for a public agency defendant. *Id.* Judge Pechman declined Plaintiff's request and referred the matter to the Undersigned. Dkt. #15.

A "judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144. This includes circumstances where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff has not set forth a basis upon which Judge Pechman's impartiality may reasonably be questioned. As an initial matter, Judge Pechman indicates that Plaintiff's unsubstantiated allegation that she formerly served as an attorney for a public agency defendant is untrue. Dkt. #15 at 2. To the extent Plaintiff's motion is premised on Judge Pechman presiding over another of Plaintiff's actions, any knowledge gained in the course of those proceedings is not "personal knowledge" warranting recusal. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Plaintiff's motion fails on this basis as well.

ORDER – 2

Accordingly, and for the reasons set forth above, the Court finds and ORDERS that Judge Pechman's order declining to disqualify herself (Dkt. #15) is AFFIRMED.

DATED this 26th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3