UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDA M JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES, DEPARTMENT OF SOCIAL HEALTH, DEPARTMENT OF CHILD SUPPORT, CITY OF TACOMA, OAH,<br><br>　　　　　　Defendants. | CASE NO. C21-5242 MJP<br><br>ORDER DECLINING TO SERVE COMPLAINT AND DISMISSING ACTION WITH PREJUDICE |

Plaintiff has filed a second amended civil complaint (Dkt. No. 11) with this Court in attempt to address the Court's Second Order declining to serve her initial complaint (Dkt. No. 10). Having reviewed the second amended complaint and the relevant portions of the record, the Court hereby finds that Plaintiff's second amended complaint fails to state a claim and DISMISSES this action WITH PREJUDICE.

The Court's Order is based on the following reasons:

Rule 8(a) of the Federal Rules of Civil Procedure provides that

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). To comply with Rule 8(a), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the allegations are inadequate to satisfy Rule 8. Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 559 U.S. at 557 (quotation omitted); see Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

Plaintiff's second amended complaint still does not comply with any of the requirements set forth in Rule 8(a). The second amended complaint does not set forth a plain statement of the factual allegations, the basis for the Court's jurisdiction, or plausible reasons why Plaintiff is entitled to relief. As the Court previously noted in its second order declining to serve the amended complaint (Dkt. No. 10), Plaintiff's failure to cure the deficiencies through her second amended complaint warrants dismissal of this action with prejudice. See 28 U.S.C. § 1915(e)(2)(B)(ii). Having had three opportunities to plead her claims, Plaintiff has failed to

1 | satisfy Rule 8(a). See Iqbal, 556 U.S. at 678. Accordingly, the Court DISMISSES this action

2 | WITH PREJUDICE. All pending motions are hereby terminated.

3 | The Clerk is directed to send copies of this Order to Plaintiff and the Parties.

4 | Dated September 8, 2021.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

ORDER DECLINING TO SERVE COMPLAINT
AND DISMISSING ACTION WITH PREJUDICE -
3